IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERT HEATH ULLERY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-0120 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a form Petition for a Writ of Habeas Corpus by a Person in State Custody. By his pleading, petitioner argues he is being denied due process of law due to the ex post facto application of "parole rules governing the maximum amount of time allowed between parole reconsideration hearings."

Petitioner committed the offense of murder on August 2, 1992, and was convicted of such offense on March 22, 1994, receiving a 30-year sentence to be served in the Texas Department of Criminal Justice, Correctional Institutions Division. Petitioner contends that in 1992 and 1994 (when he committed his offense and when he was convicted of his offense), article 42.18 of the Texas Code of Criminal Procedure set forth the procedures governing the parole process and specifically required the Parole Board to hold a parole reconsideration hearing within three (3) years after denying a prisoner parole. Petitioner contends a subsequent change in the parole process, which allows the Parole Board up to five (5) years between parole reconsideration hearings

for offenders serving sentences listed in section 508.149(a) of the Texas Government Code [mandatory supervision ineligible offenses], is being applied to him in violation of the constitutional prohibition of ex post facto laws resulting in a denial of due process.

I.
CIVIL RIGHTS CLAIM V. HABEAS CORPUS CLAIM

Petitioner has initiated a federal habeas corpus proceeding under 28 U.S.C. § 2254. The initial question is whether petitioner's claim is cognizable under this statutory provision, or whether such action should have been brought as a civil rights suit pursuant to 42 U.S.C. § 1983. "Section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (quoting *Cook v. Texas Dep't of Criminal Justice Transitional Planning Department*, 37 F.3d 166, 168 (5th Cir. 1994)). "If, however, a prisoner is challenging the result of a specific defective parole hearing, or is challenging a parole board's rules and procedures that affect his release, *and resolution would automatically entitle him to accelerated release*, then the challenge must be pursued by writ of habeas corpus." *Id.* (emphasis added). If a claim has an indirect impact on whether a claimant eventually receives parole, while not appropriate for habeas corpus relief, such claim may still be cognizable under section 1983. If a prisoner brings an action containing both habeas and section 1983 claims, the court should separate the claims.

Here, petitioner is not challenging a single defective hearing affecting his parole eligibility, nor is he arguing he is automatically entitled to accelerated release if he is granted relief. Instead, petitioner is seeking to have the Parole Board comply with the law he alleges was in effect when he committed the offense for which he is in prison. A favorable determination on this issue would not automatically entitle petitioner to accelerated release. Therefore, petitioner's claim is not properly raised as a habeas claim under 28 U.S.C. § 2254 but, instead, should have been brought as a civil

rights claim under section 1983. Consequently, the instant habeas application should be DISMISSED and the petition redesignated as a civil rights complaint.

## II.
## TIME BARRED HABEAS PETITION

Even if the claim urged were cognizable in a federal habeas corpus application, the petition would be time barred by the 1-year limitation period. Petitioner complains of the ex post facto application of a law allowing the Parole Board up to five (5) years to reconsider a prisoner for parole after denial – a change in the law which previously allowed the Board up to three (3) years between parole reconsideration hearings.[1] Petitioner contends the change in the law occurred in 2003, however, the change was actually effective July 13, 2004.[2] Regardless of this discrepancy, the 5-year set-off law was applied to petitioner at his August 24, 2004 parole review and his September 24, 2009 parole review.

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a

---

[1] Prior law provided:

A case reviewed by a parole panel for parole consideration may be:
(1) deferred for request and receipt of further information;
(2) denied a favorable parole action at this time and set for review on a future specific month and year (Set-Off). The next review docket date (Month/Year) may be set at any date in the three-year incarceration period following the prior parole docket date, but in no event shall it be less than one calendar year from either the prior parole docket date or the date of the panel decision if the prior parole docket date has passed.

37 Tex. Admin. Code § 145.12 (eff. April 10, 1995 - July 12, 2004).

[2] Title 37 of the Texas Administrative Code, section 145.12, effective July 13, 2004 and currently still in effect, provides:
A case reviewed by a prole panel for parole consideration may be:
(1) deferred for request and receipt of further information;
(2) denied a favorable parole action at this time and set for review on a future specific month and year (Set-Off). The next review date (Month/Year) for an offender serving a sentence listed in §508.149(a) [mandatory supervision ineligible offenses], Government Code, may be set at any date after the first anniversary of the date of denial <u>and end before the fifth anniversary of the date of denial.</u> The next review date for an offender serving a sentence not listed in §508.149(a), Government Code, shall be as soon as practicable after the first anniversary of the denial.

(Emphasis added).

habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's only claim is that the application of the 5-year set-off rule to petitioner violates the ex post facto prohibition of the United States Constitution. Petitioner does not challenge the constitutionality of his conviction, therefore, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" provision is not applicable. *See* 28 U.S.C. § 2244(d)(1)(A). The record does not reflect any unconstitutional State action impeded petitioner in filing this federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C). Petitioner could have discovered the factual predicate of his ex post facto claim in August 2004 when the 5-year set-off rule was first applied to petitioner. *See* 28 U.S.C. § 2244(d)(1)(D). Petitioner indicates he did not

receive notice of his next parole review date until August 31, 2004. *See Petitioner's Memorandum in Support of Petition for a Writ of Habeas Corpus by a Person in State Custody, Exhibit B.* Crediting petitioner with this delay in discovery, the one-year limitation period began to run August 31, 2004. Petitioner did not file either a state habeas application or a federal habeas application within one year after he could have discovered the factual predicate of his claim. Consequently, the time for filing a federal habeas application asserting the ex post facto application of the 5-year set-off rule expired on August 31, 2005. Petitioner's federal habeas application, even if found appropriately filed, should be DISMISSED as time barred.

III.
MERITS

In 1992 and 1994, article 42.18 of the Texas Code of Criminal Procedure did address adult parole law, however, it made "no mention of the intervals between reviews for parole eligible individuals."[3] *Creel v. Kyle*, 42 F.3d 955, 957 (5th Cir.), *cert. denied*, 514 U.S. 1070, 115 S.Ct. 1706, 131 L.Ed.2d 567 (1995). Instead, the Texas Administrative Code governed the parole process and provided that a case reviewed by a parole panel for parole consideration could be denied a favorable parole action and "set for review on a future specific month and year." The law in existence when petitioner committed his offense and when he was convicted, allowed the Board the discretion to review cases at whatever intervals were determined appropriate by the Board. The 3-year set-off limitation was not included in the statutory provisions until April 10, 1995.

---

[3]Subsection (g) of article 42.18 authorized the Texas Board of Criminal Justice to adopt "such other reasonable rules not inconsistent with law as it may deem proper or necessary" with respect to the eligibility of prisoners for parole, the conduct of parole hearings, or conditions to be imposed upon parolees.

Petitioner was initially considered for parole on December 13, 1999,[4] but was denied parole with a reconsideration hearing being scheduled for February 2003, three (3) years later.  In 1999, the effective statutory provision provided for a maximum 3-year set-off.  Petitioner maintains his February 2003 review was delayed because petitioner did not meet other minimal parole eligibility requirements.  Prior to his second reconsideration hearing, the statutory provision was amended, on July 13, 2004, to provide for a maximum 5-year set-off for offenders such as petitioner.  Petitioner's second and third parole reviews, on August 24, 2004 and September 24, 2009 respectively, applied 5-year set-offs for reconsideration of release to parole.

The law in existence at the time petitioner committed his offense and was convicted of his offense allowed the Board to review petitioner's case at whatever intervals were determined to be appropriate by the Board.  The provisions enacted subsequent to petitioner's offense and conviction limited the discretion of the Board to determine the intervals between review.  Although the 2004 law allowing 5-year set-offs does not limit the Board to the same degree as the 3-year set-off law, the law is still not more onerous than the law in effect at the time of petitioner's offense and conviction which set no time limitations between review.  Under the ex post facto clause, "[l]egislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts." *Wallace v. Quarterman*, 516 F.3d 351, 354 (5th Cir. 2008).  A law is in violation of the ex post facto clause if it retroactively increases the punishment attached to a crime after its commission.  *Creel v. Kyle*, 42 F.3d 955, 958 (5th Cir. 1995).  Procedural changes, even if they work to the disadvantage of a criminal defendant, do not violate the ex post facto clause. *Id.*  There is no ex post facto violation under these circumstances.  Petitioner has not been deprived of any right

---

[4] The online Offender Information Details maintained by the Texas Department of Criminal Justice indicates petitioner became eligible for parole on February 1, 2000.

existing at the time he committed his offense or was convicted, nor have any of the changes in the parole rules produced a significant risk of increasing the measure of punishment attached to petitioner's offense at the time it was committed or of increased confinement. *See Wallace*, 516 F.3d at 356. Petitioner's habeas application, if found appropriately and timely filed, is without merit and should be DENIED.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner ROBERT HEATH ULLERY be DISMISSED. It is the alternative RECOMMENDATION of the Magistrate Judge that the petition be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to all parties by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of June, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>**NOTICE OF RIGHT TO OBJECT**</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).